UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00151-GNS-DW

CHRISTY DICKERSON FORD                                                          PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and
STATE FARM GENERAL INSURANCE COMPANY                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 22). For the reasons outlined below, the motion is **GRANTED**.

**I.     STATEMENT OF FACTS AND CLAIMS**

On September 23, 2013, Plaintiff Christy Dickerson Ford ("Ford") was injured in an automobile collision when her car was struck by an oncoming vehicle. (Notice Removal Ex., DN 1-2 [hereinafter Compl.]). At the time of the accident, Ford had an insurance policy in effect issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Compl. ¶ 8; Defs.' Mem. Supp. Mot. Dismiss Ex. A, DN 22-2). That coverage included no-fault or personal-injury protection ("PIP") benefits in the amount of $10,000, and underinsured motorists ("UIM") coverage in the amount of $25,000. (Defs.' Mem. Supp. Mot. Dismiss Ex. A, at 2).

On November 20, 2013, Ford's counsel wrote State Farm and directed State Farm to pay any remaining PIP benefits directly to her and her counsel. (Defs.' Mem. Supp. Mot. Dismiss Ex. E, DN 22-6). On November 25, 2013, State Farm sent a letter to Ford's counsel notifying him that Ford's PIP benefits had been exhausted. (Defs.' Mem. Supp. Mot. Dismiss Ex. F, DN 22-7).

On February 15, 2016, Ford filed suit in Bullitt Circuit Court against Defendants Farm asserting claims of breach of contract relating to her policy's UIM benefits, and bad faith under common law and the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), KRS 304.12-230. (Compl. ¶¶ 7-24). Defendants subsequently removed the case to this Court. (Notice Removal, DN 1). While Ford was originally represented by counsel, her attorney withdrew during the pendency of Defendants' summary judgment motion. (Order, DN 25). Ford filed a *pro se* response. (Pl.'s Resp. Defs.' Mot. Summ. J., DN 27).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence

proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

State Farm moves for summary judgment on two bases: (i) that Ford's UIM claim is barred by the insurance policy's contractual limitations period; and (ii) that her UCSPA claim must fail because her underlying breach of contract claim is time-barred. (Defs.' Mem. Supp. Mot. Summ. J. 4-9, DN 22-1). Each basis will be addressed separately.

### A. Contractual Limitations Period

First, State Farm seeks summary judgment on Ford's UIM claim. State Farm maintains that the claim is barred by the contractual period of limitations. The policy issued by State Farm provides that legal action may be initiated against State Farm for "Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage if such action is commenced within the period of time required by Kentucky law for filing a lawsuit to recover *bodily injury* damages incurred as a result of a motor vehicle accident." (Defs.' Mem. Supp. Mot. Summ. J. Ex. A, at

3

45, DN 22-2). The Kentucky Motor Vehicle Reparations Act ("MVRA") provides, in relevant part, that "[a]n action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." KRS 304.39-230(6).

In this case, State Farm made its last PIP payment in late November 2013 to Ford and her counsel. Pursuant to the terms of the policy, Ford had two-years from the date of her last payment to assert her UIM claim against State Farm.

In *State Farm Mut. Auto. Ins. Co. v. Riggs*, 484 S.W.3d 724 (Ky. 2016), the Kentucky Supreme Court considered the identical provision in another policy issued by State Farm to determine whether the insured's claim against its UIM carrier was timely. In holding that the two-year limitations period was reasonable, that court explained:

> Consistent with the principles listed above, providing the insured with the same time as a tort claim (perhaps longer depending on the duration of BRB payments) does not require an insured to sue his own insurer before filing suit against the torfeasor, nor does it require "a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact an [underinsured] motorist." Instead, State Farm's provision brings together all insurance claims stemming from a particular auto accident and places them on equal footing. Two years (or more if BRBs are paid) is enough time for the insured to discover the extent of automobile liability insurance coverage the tortfeasor has and whether that coverage will be sufficient for the suffered injuries. Admittedly, there may be circumstances where an insured may need to file his UIM claim while his tort lawsuit is pending or, to put it more directly, before the value of his claim has exceeded the policy limits of the tortfeasor's liability policy and a UIM claim's viability is more apparent.

*Id.* at 727-28 (internal citations omitted). *See also Pike v. Gov't Emps. Ins. Co.*, 174 F. App'x 311, 316 (6th Cir. 2006) (holding that a contractual provision limiting the UIM claims for a period of two years consistent with the MVRA was reasonable and enforceable). The court further noted:

> We are aware, that a UIM claim does not sound in tort and would not otherwise be governed by the MVRA's two-year statute of limitation—in fact, we explicitly

4

> said so in [*Gordon v. Ky. Farm Bureau Ins. Co.*, 914 S.W.2d 331, 333 (Ky. 1995)]. But an argument here based on that concept misses the mark because we are not so much concerned with whether a UIM claim should be labeled a tort claim or a contract claim as whether State Farm and Riggs have contracted for a UIM claim limitation that accomplishes the policy and purpose of UIM coverage in a reasonable way. It is difficult to condemn State Farm's provision as unreasonable because, at its simplest, it encourages the prompt presentation of all the potential insurance claims relating to a single accident and forces them to progress through the court system in a more cohesive way—a way that insurance claims have proceeded through our court system for decades. This is not contrary to public policy—in fact, a strong argument could be made that it benefits the public. State Farm's provision provides an insured with "the same rights as he would have had against an insured third party"—a result that is not at all unreasonable.

*Id.* at 730-31. Thus, the Kentucky Supreme Court has held in *Riggs* an identical contractual period of limitations to file a UIM claim was reasonable and enforceable. Based on *Riggs*, the Court reaches the same conclusion with Ford's policy.

In Ford's six-page *pro se* response, she included selected pages from her Complaint with the text of Paragraphs 22 and 23 underlined followed conclusory statements about the alleged wrongdoings by State Farm and the relief that she is seeking. As this Court noted in a case in which a *pro se* plaintiff filed a response to a motion for summary judgment:

> Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."

*Reynolds v. Elizabeth,* No. 1:11CV-142P-M, 2015 WL 5765876, at *3 (W.D. Ky. Sept. 30, 2015) (internal citations omitted) (citation omitted).

In this case, neither Ford's response nor any of the evidence in the record creates a genuine issue of material fact that would preclude entry summary of judgment against Ford on

5

the contractual period of limitations. Ford did not file this action until more than two years after the date of the last PIP payment. Under the terms of the policy, Ford's UIM claim is barred because it was asserted untimely in this action. Accordingly, State Farm is entitled to summary judgment on Ford's UIM claim.

B.  **Bad Claims**

Plaintiff has also asserted bad faith claims arising from common law and an alleged violation of the UCSPA. This Court has explained a plaintiff's burden to prove this type of claim as follows:[1]

> Under Kentucky law, an insured must prove the following three elements to succeed on a claim for bad faith: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed."

*Crutchfield ex rel. Crutchfield v. Transamerica Occidental Life Ins. Co.*, 894 F. Supp. 2d 971, 977 (W.D. Ky. 2012) (quoting *Fed. Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 847 (Ky. 1986)).

In analyzing the elements of this claim, it unnecessary for the Court to go beyond the first element. As outlined above, Ford has failed to show that State Farm breached the terms of its insurance policy, and State Farm is not obligated to pay her UIM claim because it is time-barred. Accordingly, the Court will grant summary judgment for State Farm on Ford's bad faith claims.

---

[1] Under Kentucky law, common law and statutory bad faith claim are analyzed identically. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526-27 (6th Cir. 2006).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (DN 22) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
March 23, 2017

cc: counsel of record
　　Christy Dickerson Ford, *pro se*

7